IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Mark Andrew Turner,<br><br>    Petitioner,<br><br>vs.<br><br>Charles Ryan, et al.,<br><br>    Respondents. | No. CV-10-744-PHX-ROS (LOA)<br><br>**REPORT AND RECOMMENDATION** |

This matter arises on Petitioner's Petition for Writ of Habeas Corpus by Person in State Custody Pursuant to 28 U.S.C. §2254. (Doc. 1) Respondents have responded to the motion, doc. 10, to which Petitioner has replied, doc. 11. For the reasons set forth below, the Petition should be denied and dismissed.

**I. Background**

On October 16, 1987, the Maricopa County Attorney's Office filed an information in CR87-09266 ("the 1987 matter") charging Petitioner with one count of attempted child molestation, committed on October 4, 1987, a class 3 felony and dangerous crime against children. (Respondents' Exh. A[1]) The State further alleged that Petitioner had a prior felony conviction. (Respondents' Exh. B)

---

[1] Citations to "Respondents' Exh." refer to exhibits A-AAA attached to Respondents' Answer to Petition for Writ of Habeas Corpus, doc. 10, and to exhibits 1-10 attached to Respondents' Notice of Supplemental Exhibits, doc. 12.

1    On January 5, 1988, the State and Petitioner entered into a plea agreement
2 pursuant to which Petitioner agreed to enter an *Alford*[2] plea to attempted child molestation.
3 In return for Petitioner's plea, the State agreed to dismiss the allegation of a prior conviction.
4 (Respondents' Exh. C) The plea agreement stipulated that, although the crime carried a
5 presumptive term of 10 years' imprisonment, Petitioner would be placed on probation.
6 (Respondents' Exh. C) The trial court accepted Petitioner's plea. (Respondents' Exh. D)
7 On February 2, 1988, the trial court suspended the imposition of sentence and ordered
8 Petitioner to serve 10 years of probation, conditioned upon Petitioner serving one year in
9 jail. (Respondents' Exhs. F-G)

10    Shortly after Petitioner was released from jail, he again committed child
11 molestation. (Respondents' Exh. H at 2) On March 13, 1989, the Maricopa County Grand
12 Jury indicted Petitioner in CR89-02762 ("the 1989 matter") on one count of child
13 molestation, a Class 2 felony and dangerous crime against children, committed between
14 February 22, 1989 and February 25, 1989. *See Turner v. Stewart*, 2:97cv2344-ROS (VAM);
15 Respondents' Exhs.1, 3 - Exh. A attached thereto) Two days later, the State moved to
16 revoke Petitioner's probation in the 1987 matter on the grounds that Petitioner possessed and
17 used methamphetamine and cocaine, knowingly associated with a person who was on
18 probation, and committed the crime of child molestation in the 1989 matter. (Respondents'
19 Exhs. H-I)

20    On August 1, 1989, Petitioner and the State entered into a plea agreement.
21 (Respondents' Exh. 3 -Exh. B attached thereto); Respondent's Exh. J at 4-6, 13) In the 1989
22 matter, Petitioner agreed to plead no-contest to the molestation charge, and the State agreed
23 not to allege any prior convictions. (*Id*.) In the 1987 matter, the parties stipulated that
24 Petitioner "will either be reinstated on probation in CR87-09266 or the probation violation

---

[2] *See North Carolina v. Alford*, 400 U.S. 25, 37 (1970) (holding that a defendant may "voluntarily, knowingly, and understandingly consent to the imposition of a prison sentence even if he is unwilling or unable to admit his participation in the acts constituting the crime.").

in that cause will be dismissed." (Respondents' Exh. J at 6) That same day, the trial court[3] in the 1989 matter, held a change-of-plea hearing during which it accepted Petitioner's no-contest plea. (Respondents' Exh. J at 13-21; Exh. K)

On August 29, 1989, the trial court held a comprehensive sentencing hearing to resolve both the 1987 and the 1989 matters. (Respondents' Exhs. L-M; Respondents' Exh. 3-Exh. C attached thereto) In the 1989 matter, the trial court sentenced Petitioner to a mitigated term of 15 years' imprisonment. (Respondents' Exh. L at 9-10) In the 1987 matter, the trial court ordered Petitioner to serve 10 years of probation to commence upon his release from custody in the 1989 matter. (Respondents' Exh. L at 7; Exh. M)

On direct appeal,[4] defense counsel informed the court that "[n]o arguable questions of law ha[ve] been found" and filed a brief under *Anders v. California*, 386 U.S. 738 (1967). (Respondents' Exh. 3 - Exh. E attached thereto) On January 25, 1990, the Arizona Court of Appeals affirmed. (*Id.* at Exh. G) Petitioner did not seek further review. (Respondents' Exh. 3 - Exh. H attached thereto)

Four years later, Petitioner filed a petition for post-conviction relief pursuant to Ariz.R.Crim.P. 32. (Respondents' Exh. ZZ) In his petition, prepared with the assistance of counsel, Petitioner argued that counsel was ineffective during the plea negotiations and that his ineffective assistance rendered Petitioner's guilty plea involuntary. (Respondents' Exh. 3 -Exh. I attached thereto) The post-conviction court denied relief which was affirmed on review to the Arizona Court of Appeals and the Arizona Supreme Court. (Respondents' Exh. 3 - Exhs. J, L, N attached thereto)

---

[3] The Honorable Robert A. Hertzberg presided.

[4] At the time of Petitioner's direct appeal in 1989, Arizona law permitted a pleading defendant to directly appeal following a guilty plea. After September 30, 1992, a petition for post-conviction relief under Ariz.R.Crim.P. 32 became the only vehicle for a pleading defendant to challenge his conviction and sentence in state court. *See State v. Soto*, 223 Ariz. 407, 224 P.3d 223, 225 (Ariz.Ct.App. 2010) (citing cases).

On November 12, 1997, Petitioner filed his first Petition for Writ of Habeas Corpus in this Court. (Respondents' Exh. 1) On March 22, 2001, the Court denied the petition. (Respondents' Exh. 8) The Ninth Circuit denied a certificate of appealability on September 17, 2002. (Respondents' Exh. 10)

On February 27, 2004, Petitioner completed his 15-year prison sentence in the 1989 matter and began serving his 10 years of probation in the 1987 matter. (Respondents' Exh. N) In May 2004, the State moved to revoke Petitioner's probation for failing to obtain approval of residence and other probation violations. (Respondents' Exh. V; Exh. S at 1-2) On July 14, 2004, the trial court[5] held a violation hearing at which Petitioner admitted to violating the terms of his probation. Thus, the court scheduled a disposition hearing. (Respondents' Exhs. P-R)

On August 25, 2004, the court held a disposition hearing on Petitioner's probation violation in the 1987 matter. (Respondents' Exhs. T-U) The trial court sentenced Petitioner to an aggravated term of 15 years' imprisonment, for the underlying crime of attempted molestation of a child. (Respondents' Exh. T at 14-15; Exh. U at 2) On the request of counsel, the court ordered that Petitioner's sentence would be governed by the laws in effect when he committed the crime on October 4, 1987. (Respondents' Exh. T at 14-15) Specifically, the court "ordered imposing parole as statutorily required for back on 1987, . . . and that will be up to DOC how to calculate that." (Respondents' Exh. T at 14-15)

On November 17, 2004, Petitioner filed a notice of post-conviction relief. (Respondents' Exh. W) With the assistance of counsel, Petitioner later filed his petition. (Respondents' Exhs. X-Y) The trial court denied post-conviction relief on all matters except for Petitioner's *Blakely* claim. The court found that Petitioner was entitled to be re-sentenced and set a sentencing hearing which was ultimately held on January 18, 2006. (Respondents' Exhs. CC, FF, GG) During the January 18, 2006 sentencing hearing, Petitioner explained his concerns regarding the calculation of his sentence:

---

[5] Commissioner James T. Blomo presided.

> The Defendant: The sentencing statutes in 1987 were obviously different than they are now, and for a Class 2 attempt I'm eligible for parole after serving half of the actual sentence day-per-day, and of course eventually the number — my mandatory release is at two-thirds time. Regardless, if I make parole at the initial appearance or every six months appearing thereafter is immaterial, it's two-thirds time. And I need a specific order for that because DOC for some reason takes it upon themselves to interpret as a first degree and possibly an F2, and unless the Court otherwise notes on the — they go ahead and calculate as flat time. So we have to be very clear with the order . . . when I leave here today please.

(Respondents' Exh. FF at 11)

The court re-sentenced Petitioner to the 10-year presumptive term, and again ordered that the sentence would be calculated under the laws in effect in October 4, 1987 when Petitioner committed the underlying crime. The court stated:

> The Court: All right (sic) Based upon the information provided to the Court and based upon my review of the case, it finds that continued probation supervision is not appropriate. It is, therefore, ordered revoking the defendant's probation in this matter. He is sentenced to the Department of Corrections.
>
> Let the minute entry reflect that this time calculation should be according to the laws that existed in 1987. He is — the defendant is sentenced to the presumptive term of ten years. At this time he is credited for 1148 days of presentence incarceration.
>
> Obviously, Mr. Turner, if you feel that's an error you and your attorney can certainly submit paper documentation to ask the Court to make that correction.

(Respondents' Exh. FF at 17-18; Exh. GG at 2)

On March 31, 2006, Petitioner filed a notice of post-conviction relief. (Respondents' Exh. HH) After counsel informed the court that he was unable to find any claims to raise on post-conviction review, Petitioner filed a *pro se* petition. (Respondents' Exhs. KK, NN) Petitioner asserted, first, that the trial court erred by sentencing him to a term of community supervision upon release. (Respondents' Exh. NN at 1-2) Petitioner next argued that the Arizona Department of Corrections ("DOC") erroneously declined to treat his pre-incarceration credit as time served that would apply toward earned-release credits, and erroneously denied the application of any earned-release credits at all. (Respondents' Exh. NN at 2-4) Petitioner conceded that DOC had correctly interpreted the portion of the

trial court's sentencing order indicating that Petitioner was eligible for parole after serving one half of his 10-year sentence. (Respondents' Exh. NN at 3)

In its response to the petition for post-conviction relief, the State agreed with Petitioner that because the offense occurred in 1987, Petitioner is not subject to community supervision under A.R.S. § 13-603(I). Accordingly, the court should correct the sentencing order to delete the reference to community supervision under A.R.S. § 13-603(I). (Respondents' Exh. OO at 5-6) On the issue of earned-release credits, the State argued that: (1) Petitioner was seeking relief beyond the scope of Ariz.R.Crim.P. 32.1, because he did not allege that he was being held in custody after his sentence had expired; (2) the calculation of earned-release credits lies within the sole discretion of the DOC, not the court; and (3) Petitioner's claim failed as a matter of law because the law in effect in 1987, when Petitioner committed the crime, excluded earned-release credits for time served in county jails. (Respondents' Exh. OO at 6-10)

In his reply, Petitioner conceded that his request for an order directing DOC to apply earned-release credits to his sentence was not yet ripe for review. (Respondents' Exh. PP at 2) He also conceded that he was not statutorily entitled to good time credits for his "county jail" presentence incarceration. (Respondents' Exh. PP at 2) Petitioner, however, continued to assert that "the State has not presented any argument or evidence that Defendant is not eligible to earn release good time credits pursuant to the 1987 'old code' version of A.R.S. § 41-1604.07 in effect at that time." (Respondents' Exh. PP at 2-3)

On April 18, 2007, the trial court granted Petitioner's request to delete the sentencing order's reference to community supervision, finding that community supervision was not applicable to Petitioner's case because he committed the offense in October, 1987 before Arizona adopted community supervision. (Respondents' Exh. QQ) The court denied post-conviction relief on the issue of earned-release credits because the issue was not ripe for review:

> On the second issue, the Court agrees with the State that the Defendant fails to state a cognizable claim for post-conviction relief and seeks relief beyond the jurisdiction of this Court.

> A defendant may make a claim for relief under Rule 32.1(d) only if he is being held in custody after his sentence has expired. "Mere challenges to the Department of Corrections computation of good time credit are not cognizable under Rule 32 unless they result in the Defendant remaining in custody when he should otherwise be free." *State v. Davis*, 48 Ariz. 62, 64, 712 P.2d 975, 977 (Ariz.Ct.App. 1985). Defendant concedes in his Reply that is not the case here.

(Respondents' Exh. QQ) Petitioner did not seek appellate review of the trial court's ruling. (Respondents' Exh. ZZ; Doc. 1 at 5)

Rather, on April 1, 2009, Petitioner filed another petition for post-conviction relief, arguing that DOC was improperly confining him beyond his "earned release credit day on March 31, 2009. (Respondents' Exh. RR)

Also on April 1, 2009, Petitioner filed his second habeas corpus petition in this Court, *Turner v. Ryan*, 2:09cv675-ROS (LOA). (Respondents' Exh. SS) In his Petition for Writ of Habeas Corpus, Petitioner asserted a violation of his Fourteenth Amendment substantive due process rights based on his claim that his sentence had expired and he was "being held by State prison officials when he should otherwise be free." (Respondents' Exh. SS at 6) Noting that a federal court may not entertain a petition for writ of habeas corpus unless every issue has been exhausted, on May 22, 2009, the Court dismissed the petition as premature because Petitioner still had a post-conviction proceeding pending in the state court. (Respondents' Exh. TT at 2-4) The Court dismissed the petition without prejudice for Petitioner to exhaust any available state-court remedies. (*Id.*)

Thereafter, on July 14, 2009, the Arizona trial court denied post-conviction relief on the grounds that the court lacked "authority to determine earned release credits, release date, or eligibility for release" which were matters "for the Director of the Arizona Department of Corrections, who is not a party to this criminal case." (Respondents' Exh. UU at 2) The trial court concluded that Petitioner was not being held in custody beyond the expiration of his sentence and denied post-conviction relief. (Respondents' Exh. UU)

Petitioner, proceeding *pro se*, filed a petition for review to the Arizona Court of Appeals. (Respondents' Exh. VV) Petitioner asserted that: (1) the trial court abused its discretion and violated Petitioner's state and federal due process rights by requiring him to

serve his sentence as "flat" time, when he should be released from custody based on his earned-release credits; (2) the trial court abused its discretion by immediately ruling on Petitioner's Rule-32 petition, the same day it was assigned by the presiding judge, as retaliation for Petitioner having filed a formal complaint against the trial judge; (3) the trial court abused its discretion, and violated the terms of the plea agreement, by ruling that Petitioner's sentence had not yet expired relying on a flat-time formula, rather than finding that Petitioner had reached his statutory release date; and (4) the trial court abused its discretion by denying its own authority under Ariz.R.Crim.P. 32.1(d) to consider a challenge to the calculation of Petitioner's sentence. (Respondents' Exh. VV at 3)

In response, the State argued that Petitioner sought relief beyond the scope of Ariz.R.Crim.P. 32 because he had failed to allege that he was being held in custody after the expiration of his sentence and merely sought release on parole. The State further argued that DOC, not the court, has the authority to grant parole. (Respondents' Exh. WW) Petitioner replied that the State misunderstood his claims and he was not seeking release on parole, but was alleging that the proper calculation of his sentence would yield a statutory expiration of his sentence that would require his immediate release. He further argued that he sought the application of earned release credits to his sentence, not release on parole. (Respondents' Exh. XX)

On September 21, 2009, the Arizona Court of Appeals designated the case "at issue" and filed documentation establishing that the appellate court had received the record from the trial court. (Respondents' Exh. YY)

On April 2, 2010, Petitioner filed the pending Petition for Writ of Habeas Corpus with this Court. (Doc. 1) Petitioner alleges the same four claims for relief that he asserts in his petition for review in the Arizona Court of Appeals. (compare Respondents' Exh. VV and Doc. 1) The record reflects that the petition for review remains pending in the Arizona Court of Appeals as of July 9, 2010, the date Petitioner filed his Reply, doc. 11. (Respondents' Exh. YY)

**II. Exhaustion of State Remedies**

Before the court may grant habeas relief to a state prisoner, the prisoner must exhaust remedies available in the state courts. 28 U.S.C. § 2254(b)(1); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). To exhaust a claim, a petitioner must describe both the operative facts and the federal legal theory so that the state courts have a "fair opportunity" to apply controlling legal principles to the facts bearing upon his constitutional claim. *Kelly v. Small*, 315 F.3d 1063, 1066 (9th Cir.2003). In cases not carrying the death penalty, claims are exhausted once the Arizona Court of Appeals has ruled on them. *See Swoopes v. Sublett*, 196 F.3d 1008, 1010 (9th Cir.1999).

A petitioner has not exhausted state court remedies if he has a state appeal or post-conviction proceeding pending at the time he files a petition for writ of habeas corpus in federal court. *Sherwood v. Tomkins*, 716 F.2d 632, 634 (9th Cir. 1983); *Schnepp v. Oregon*, 333 F.2d 288, 288 (9th Cir. 1964) (stating that state prisoner did not exhaust state remedies where post-conviction proceeding was pending in state courts); *Martineau v. Elliot*, 2008 WL 3582811, * 1 (D.Ariz., August 13, 2008) (denying habeas corpus petition as premature where petitioner presently had a Rule-32 petition pending in the Maricopa County Superior Court).

**A. Whether Petitioner's Claims are Exhausted**

Here, the petition for review which Petitioner filed in the Arizona Court of Appeals contains the same claims for which he seeks federal habeas corpus review in this Court. (Doc. 1; Respondents Exh. VV) In his Petition and his Reply, Petitioner concedes that he has a petition for review from the trial court's denial of post-conviction relief pending in the Arizona Court of Appeals. (Doc. 1 at 5, 16; Doc. 11) Even if the Arizona Court of Appeals resolves the petition for review while the § 2254 petition is before this Court, Petitioner's claims remain unexhausted because the determination of whether a petitioner has exhausted available remedies on a particular claim is made on the date the habeas corpus petition was filed, not when the Court rules on the § 2254 petition. *See Brown v. Maas*, 11 F.3d 914, 915 (9th Cir. 1993) (stating that "[t]he appropriate time to

assess whether a prisoner has exhausted his state remedies is when the federal habeas petition is filed, not when it comes on for a hearing in the district court or the court of appeals."). Because Petitioner's petition for review was pending in the Arizona Court of Appeals when he filed the pending Petition for Writ of Habeas Corpus pursuant to § 2254, his claims are unexhausted.

### B. Exception to the Exhaustion Requirement

Petitioner argues that he should be excused from § 2254's exhaustion requirement because he satisfies the "statutory exhaustion exception." (Doc. 1 at 11) Petitioner's argument is based on 28 U.S.C. § 2254(b)(1)(B)(ii), which provides that a federal habeas corpus petitioner's failure to exhaust state remedies will be excused if "circumstances exist that render [the State corrective] process ineffective to protect the rights of the applicant." *Id*.

Petitioner has not shown that Arizona's post-conviction procedures are ineffective to protect his rights. Petitioner argues that he has raised the earned-release credit issue to the Arizona trial court three times. (Doc. 1 at 6) Petitioner correctly asserts that he has raised the earned-release credit issue to the Arizona trial court three different times. However, Petitioner did not raise that issue to the Arizona Court of Appeals until he filed the petition for review on August 3, 2009, Respondent's Exh. VV, which is the petition that was pending when he initiated this § 2254 Petition. In other words, the pending petition for review in the Arizona Court of Appeals is the only opportunity that Petitioner has given the state appellate court to consider his earned-release credit/sentence calculation claim. Thus, contrary to Petitioner's assertion, this is not a situation where he has repeatedly attempted to exhaust his claims. Rather, he has only recently presented his claims to the Arizona Court of Appeals.

Petitioner next argues that he "reached his statutory sentence expiration date on March 31, 2009 and should otherwise be free." (Doc. 1 at 6) Petitioner also argues that he is "cumulatively suffer[ing] irreparable injury to this point, already being unconstitutionally confined in excess of one year[,]" and thus "[a]dditional delay by the State Appellate Court

for whatever reason(s) — *i.e.*, caseload or budget constraints — causes Petitioner to suffer further, irreparable injury for each additional day [h]e is being held in custody by the Dept. of Corrections when [h]e 'should otherwise be free.'" (Doc. 1 at 6)   Petitioner does not explain what makes Arizona's post-conviction procedures ineffective or deficient.  Rather, he merely reiterates the merits of his underlying claims.  (Doc. 1 at 6)   Petitioner's conclusory allegations are not sufficient to satisfy the requirements of 28 U.S.C. § 2254(b)(1)(B)(ii).  *See Santiago-Melendez v. Commonwealth of Puerto Rico*, 405 F.Supp. 2d 196, 198-99 (D. Puerto Rico 2005) (finding that habeas corpus petitioner's "bare allegations are not sufficient to place him under the purview of 28 U.S.C. § 2254(b)(1)(B)(ii).").

Petitioner asserts that the Court should consider whether Arizona's post-conviction procedure is effective to protect his rights by applying the Ninth Circuit's decision in *Coe v. Thurman*, 922 F.2d 528, 530-32 (9th Cir. 1990).  In *Coe*, the Ninth Circuit considered appellate delay in state court under *Barker v. Wingo*, 407 U.S. 514, 530-33, and held that "since excessive delay in obtaining an appeal may constitute a due process violation, a prisoner need not fully exhaust his state remedies if the root of his complaint is his inability to do so."  *Coe*, 922 F.2d at 530-32.  In so holding, the Ninth Circuit applied a four-factor test: (1) the length of the delay; (2) the reason for the delay; (3) the petitioner's assertion of his right; and (4) prejudice to petitioner.  *Id*.  Although *Coe* considered appellate delay, rather than the effectiveness of post-conviction procedures, the Court will apply the test articulated in *Coe* to this case because the situations are similar.

The first factor, length of the delay, weighs in favor of the State.  *Coe*, 922 F.2d at 531.  Here, Petitioner's petition for review of the denial of his petition for post-conviction relief has been pending for less than a year.  This is far shorter than the multi-year delays found to compel relief.  *See Coe*, 922 F.2d at 531 (citing cases).  The second factor, the reason for the delay, appears to be the appellate court's own docket.  This factor weighs in favor of Petitioner.  *Coe*, 922 F.2d at 531 (citing *Barker*, 407 U.S. at 531) (delay stemming from the court's docket must be charged against the government).  The third factor, petitioner's assertion of his right, also weighs in Petitioner's favor because he has "diligently

and continuously asserted his rights." *Coe*, 922 F.2d at 532. The fourth factor, prejudice to Petitioner, weighs in favor of Respondents. The prejudice factor must be considered in light of the merits of the underlying federal claims. Here, review of the merits of Petitioner's claims indicates it is unlikely that he will prevail on his claims. Absent meritorious claims, Petitioner's continued incarceration is lawful and any delay in resolving his claims in not prejudicial.

In conclusion, the appellate court's delay in resolving Petitioner's petition for review is "not extreme, unusual or attributable to the ineffectiveness of the state courts." *Edelbacher v. Calderon*, 160 F.3d 582, 587 (9th Cir. 1998). "The mere passage of time, without more, does not constitute a due process violation." *Cummins v. Barnhart*, 460 F.Supp.2d 1112, 1121 (D.Ariz. 2006) (citing *Coe*, 922 F.2d at 531). Petitioner has not shown that he is entitled to an exception to the exhaustion requirement.

Additionally, there is no basis for this Court to stay the pending § 2254 proceeding to await the Arizona Court of Appeals' decision because Petitioner does not meet the conditions for "stay and abey" procedure discussed in *Rhines v. Weber*, 544 U.S. 269 (2005). In *Rhines*, the Supreme Court held that "it would likely be an abuse of discretion for a district court to deny a stay and to dismiss a mixed petition if the petitioner has good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that petitioner engaged in intentionally dilatory litigation tactics." *Id*. The stay-and-abey procedure does not apply in this case because it is limited to mixed petitions, those containing both exhausted and unexhausted claims, and all of the claims in the pending § 2254 petition are unexhausted.

In accordance with the foregoing, Petitioner's claims are unexhausted and he does not satisfy the requirements for excusing the exhaustion requirement set forth in 28 U.S.C. §2254(b)(1)(B)(ii). In view of the pending proceeding in state court, which could affect Petitioner's release and which could also ultimately affect these proceedings, it is inappropriate for this Court to rule on Petitioner's claims at this time. *Sherwood*, 716 F.2d at 634 (stating that even where claim to be challenged has been finally settled in state courts,

petitioner must await outcome of his appeal in state court before remedies are exhausted); *Schnepp v. Oregon*, 333 F.2d 288 (9th Cir.1964) (*per curiam*) (pending post-conviction proceedings precluded grant of writ of habeas corpus). Accordingly, the Court declines to consider Respondents' alternative arguments addressing the merits of Petitioner's claims.

Accordingly,

**IT IS HEREBY RECOMMENDED** that Petitioner's Petition for Writ of Habeas Corpus by Person in State Custody Pursuant to 28 U.S.C. §2254 (Doc. 1) be **DISMISSED** without prejudice.

**IT IS FURTHER RECOMMENDED** that a Certificate of Appealability and leave to proceed *in forma pauperis* on appeal be **DENIED** because the dismissal of the Petition is justified by a plain procedural bar and jurists of reason would not find the procedural ruling debatable.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the District Court's judgment. The parties shall have fourteen days from the date of service of a copy of this recommendation within which to file specific written objections with the Court. *See,* 28 U.S.C. § 636(b)(1); Rules 72, 6(a), 6(e), Federal Rules of Civil Procedure. Thereafter, the parties have seven days within which to file a response to the objections. Failure timely to file objections to the Magistrate Judge's Report and Recommendation may result in the acceptance of the Report and Recommendation by the District Court without further review. *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003). Failure timely to file objections to any factual determinations of the Magistrate Judge will be considered a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the Magistrate Judge's recommendation. *See*, Rule 72, Federal Rules of Civil Procedure.

DATED this 18th day of August, 2010.

_____
Lawrence O. Anderson
United States Magistrate Judge