IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Mark Andrew Turner,<br><br>        Petitioner,<br><br>vs.<br><br>Charles Ryan, et al.,<br><br>        Respondents. | No. CV-10-00744-PHX-ROS<br><br>**ORDER** |

On August 18, 2010, Magistrate Judge Lawrence O. Anderson issued a Report and Recommendation ("R&R") recommending that Petitioner's petition for writ of habeas corpus be denied. Petitioner filed objections. (Doc. 14). Having considered those objections, the Court will adopt the R&R for the reasons below.

## BACKGROUND[1]

In 1987, Petitioner was charged with attempted child molestation. Petitioner entered an *Alford* plea and was sentenced to 10 years of probation. In 1989, Petitioner was charged with child molestation and the State moved to revoke his probation from the 1987 offense. Petitioner and the State entered into a plea agreement whereby Petitioner would plead no-contest to the 1989 child molestation charge, and he would either be placed back on

---

[1] The R&R contains a much more detailed recital of the factual background. (Doc. 13 at 1-8).

probation for the 1987 offense or the probation violation would be dismissed. Pursuant to this agreement, Petitioner was sentenced to fifteen years imprisonment and placed on ten years of probation after his release from custody.

Petitioner was released from custody in 2004 and he began serving his ten-year term of probation. In May 2004, the State moved to revoke Petitioner's probation. Petitioner admitted he violated the terms of his probation. In 2006, Petitioner was sentenced to ten years of imprisonment with 1148 days of presentence incarceration credit. On April 1, 2009, Petitioner filed a petition for post-conviction relief in state court arguing that he was being confined beyond the date he should have been released pursuant to the laws in effect in 1987. According to Petitioner, the laws in effect in 1987 provided that he was eligible for earned-release credits such that he was required to be released after serving two-thirds of his ten year sentence. The state trial court denied the petition and the appeal of that decision is pending.

On April 2, 2010, Petition filed the instant petition for writ of habeas corpus. (Doc. 1). The petition asserts the same claims as those currently on appeal to the Arizona Court of Appeals. Respondents seek dismissal of the petition based on Plaintiff's failure to exhaust his state remedies. Respondents also argue that all of Petitioner's claims fail on their merits. Magistrate Judge Anderson agreed that Petitioner had not exhausted his claims and found that no exception to the exhaustion requirements applied. Thus, Magistrate Judge Anderson recommended the petition be dismissed without prejudice.

## ANALYSIS

### I. Standard of Review

A district court "must make a de novo determination of those portions of the report . . . to which objection is made," and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1)(C). A court need review only those portions objected to by a party, meaning a court can adopt without further review all unobjected to portions. *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir.2003).

**II. Petitioner's Claims Are Unexhausted**

Magistrate Judge Anderson concluded all of Petitioner's claims are unexhausted. (Doc. 13 at 9-10). Petitioner does not object to this finding. Thus, the Court will adopt the finding that all of Petitioner's claims are unexhausted.

**III. No Exception to the Exhaustion Requirement Applies**

Magistrate Judge Anderson conducted a lengthy analysis regarding Petitioner's eligibility under the "statutory exhaustion exception." (Doc. 13 at 10). Petitioner objects to this analysis, meaning the Court will conduct a de novo review of the issue.

Pursuant to statute, a habeas corpus petitioner's failure to exhaust state remedies will be excused if "circumstances exist that render [the State corrective] process ineffective to protect the rights of the applicant." 28 U.S.C. § 2254(b)(1)(B)(ii). "Unusual delay in state court, amounting to a due process violation, is such a circumstance." *Bisby v. Belleque*, 2007 WL 1876512, at *2 (D. Or.). Accordingly, Petitioner argues the Arizona Court of Appeals' thirteen-month delay in rendering a decision on his state post-conviction relief petition should excuse his failure to exhaust state remedies. Ninth Circuit case law requires the Court consider four factors when deciding whether this type of delay is sufficient to excuse exhaustion. The four factors are: (1) the length of the delay; (2) the reason for the delay; (3) whether the petitioner diligently asserted his right to a speedy appeal in state court; and (4) prejudice to the petitioner. *Coe v. Thurman*, 922 F.2d 528, 531 (9th Cir. 1990). Each factor is analyzed below.

**A. Length of Delay**

There is "no talismanic number of years or months" constituting unacceptable delay. *Coe*, 922 F.2d at 531. The Ninth Circuit has found a four year delay to be "alarming," *Coe*, 922 F.2d at 531, but it has also observed that a two year delay is not "extreme." *Hamilton v. Calderon*, 134 F.3d 938, 939 (9th Cir. 2008). A thirteen-month delay, while undoubtedly distressing to Petitioner, is not unusual or unacceptable. Thus, the length of delay weighs against excusing Petitioner's failure to exhaust

**B.  Reason for Delay**

There is no information regarding the reason for the Arizona Court of Appeals' delay. "[D]elays by the court are attributable to the state." *Coe*, 922 F.2d at 531. Thus, this factor weighs in favor of Petitioner.

**C.  Petitioner's Assertion of His Rights**

Petitioner has repeatedly sought relief from state and federal court on the claims presently pending before the Arizona Court of Appeals. This factor weighs in favor of Petitioner.

**D.  Prejudice to Petitioner**

Prejudice to Petitioner is determined by looking to three factors: (1) oppressive incarceration pending appeal; (2) Petitioner's anxiety and concern awaiting the outcome of the appeal; and (3) impairment of Petitioner's grounds for appeal or of the viability of his defense in case of retrial. *Coe*, 922 F.2d at 532. The first two factors are the same in Petitioner's case as they are in every case of an incarcerated individual seeking federal habeas relief while his state appeal is pending. That is, he is not suffering especially oppressive incarceration nor is he suffering unique anxiety and concern. Regarding the third factor, the delay is not prejudicing Petitioner because there will not be a retrial should he prevail at the Arizona Court of Appeals. There is no concern that the delay "will make it more difficult for petitioner to refresh the memory of witnesses or locate new exculpatory evidence." *Coe*, 922 F.2d 532. This factor weighs against Petitioner.

Viewed together, the circumstances of this case do not support excusing Petitioner from exhausting his state remedies. While Petitioner has been diligent in asserting his rights and there is no explanation for the thirteen-month delay in resolving his appeal, the delay is not overly long and Petitioner is not suffering any cognizable prejudice.[2] The Court will

---

[2] Petitioner obviously believes his continued incarceration is prejudicial but if incarceration were sufficient to establish prejudice, *every* habeas petitioner would be able to satisfy this factor.

- 4 -

adopt Magistrate Judge Anderson's recommendation that the petition be dismissed without prejudice.[3]

Accordingly,

**IT IS ORDERED** the Report and Recommendation (Doc. 13) is **ADOPTED IN FULL**.  The petition (Doc. 1) shall be **DISMISSED WITHOUT PREJUDICE**.

**IT IS FURTHER ORDERED** a Certificate of Appealability and leave to proceed *in forma pauperis* on appeal is **DENIED** because the dismissal of the petition is justified by a plain procedural bar and jurists of reason would not find the procedural ruling debatable.

DATED this 13th day of October, 2010.

_____
Roslyn O. Silver
United States District Judge

---

[3] The Court notes that Petitioner's underlying claim regarding earned-release credits likely is meritless.  It appears that under the laws in effect at the time of Petitioner's 1987 plea, he was not eligible to earn release credits.  *State v. Lee*, 774 P.2d 228, 231 (Ariz. Ct. App. 1989) (stating "[d]efendants convicted of child molesting under A.R.S. § 13-604.01 are ineligible" to earn release credits); Doc. 10-1 at 12 (plea agreement stating Petitioner violated A.R.S. § 13-604.01).